# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ROY KING, JR.,**
        Petitioner,

v.                                                     Case No. 12-C-0825

**WILLIAM POLLARD, Warden,**
**Waupun Correctional Institution,**
        Respondent.

---

## ORDER

In an order dated August 21, 2012, I denied habeas petitioner Roy King, Jr.'s request to proceed in forma pauperis and ordered him to pay the $5 filing fee within twenty-one days. The filing fee was received by this court on August 30, 2012. However, due to an internal error, the receipt of the filing fee was not noted on the docket. On September 24, 2012, I sent an order to King informing him that the fee had not been received and warned him that unless he paid the fee by October 12 his case would be dismissed. I now realize that King has already paid the filing fee, and so he may disregard that order.

Turning to the merits of the case, I must screen the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which states:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Having reviewed the petition, I conclude that it does not plainly appear that the petitioner is not entitled to relief in the district court. Accordingly, respondent will be ordered to file a response to the petition.

King has also filed a motion to appoint counsel. Appointment of counsel for habeas petitioners is within the district court's discretion and is governed by standards similar to those followed in civil cases with plaintiffs proceeding in forma pauperis. <u>Wilson v. Duckworth</u>, 716 F.2d 415, 418 (7th Cir. 1983). When confronted with a request for counsel in a civil case, the district court must make the following inquiries: (1) has the indigent party made a reasonable attempt to obtain counsel or been effectively precluded from doing so; if so, (2) given the difficulty of the case, does the indigent party appear competent to litigate it himself? <u>Pruitt v. Mote</u>, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). In his motion to appoint counsel, King does not demonstrate that he has made a reasonable attempt to obtain counsel on his own. For that reason, his motion will be denied. However, if King contacts at least three attorneys about taking his case and none does, then he may renew his request for appointed counsel, at which time I will examine whether, given the difficulty of the case, King appears competent to litigate it himself.

**THEREFORE, IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the

2

filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and, in accordance with the memorandum of understanding between this court and the Wisconsin Department of Justice, electronically transmitted to the Attorney General for the State of Wisconsin.

Dated at Milwaukee, Wisconsin, this 3rd day of October, 2012.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

3

Case 2:12-cv-00825-LA   Filed 10/03/12   Page 3 of 3   Document 10