UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROY KING, JR.,
    Petitioner,

v.                                                   Case No. 12-C-0825

WILLIAM POLLARD, Warden,
Waupun Correctional Institution,
    Respondent.

## ORDER

On August 13, 2012, Roy King, Jr., filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Shortly thereafter, the parties consented to proceed before the magistrate judge. In April 2013, as King's deadline for filing his brief was approaching, he filed a document with the court in which he stated that the inmate who had been helping him with the case no longer wanted to help him, that he was incapable of filing a brief on his own, and that he was not going to do anything further on the case. See ECF No. 31. In response, the magistrate judge informed King that if he was not going to do anything further on the case, the court would dismiss his petition without prejudice for lack of prosecution. The judge then advised King that the dismissal of his petition without prejudice could affect his ability to obtain habeas review in the future. Finally, the judge granted King additional time to file a brief and warned him that the case would be dismissed if he did not file his brief within that time. See ECF No. 32. King did not file a brief within that time, and on July 9, 2013, the magistrate judge entered an order dismissing the case without prejudice for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and Civil Local Rule 41(c). See ECF No. 33. On the same date, the

Clerk of Court entered judgment.

On October 7, 2015—more than two years after the case had been dismissed—King filed a request to reopen the case. (He also filed a motion for a default judgment, which I will deny on the ground that there is no basis for entering such a judgment.) Because by that time the assigned magistrate judge had retired, King's request was assigned to me. In his request, King does not identify any recognized ground for relief from a judgment or order dismissing a case. See Fed R. Civ. P. 60(b). Nor does he identify any circumstances that would justify a delay of more than two years in seeking to reopen the case. See Fed. R. Civ. P. 60(c)(1) (requiring that motion seeking relief from final judgment be filed within a reasonable time—usually no more than a year after the entry of the order or judgment at issue). Thus, I may not set aside the judgment dismissing this case, and King's request to reopen the case will be denied.

Accordingly, **IT IS ORDERED** that the petitioner's motion to reopen the case is **DENIED**.

**IT IS FURTHER ORDERED** that the petitioner's motion for a default judgment is **DENIED**.

Dated at Milwaukee, Wisconsin this 12th day of November, 2015.

s/ Lynn Adelman

LYNN ADELMAN
District Judge